UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANDREW ANDERSON
on behalf of Diane Marotti,

    **Plaintiff,**

    v.                              Case No. 23-CV-1070

MARTIN J. O'MALLEY,
Commissioner of Social Security,

    **Defendant.**

## DECISION AND ORDER

In this social security case, the parties agree that reversal and remand pursuant to sentence four of 42 U.S.C. § 405(g) is appropriate but disagree over the Court ordering a time limit for the agency to conduct its review. On February 28, 2024, I held a status hearing with the parties in which they confirmed that the only issue remaining for the Court to decide is the issue of the time limit. (Docket # 23.)

In support for the court's authority for remand with a time limit, Plaintiff directed the court to Judge Adelman's decision in an earlier iteration of this litigation. (*Anderson v. Kijakazi*, Case No. 17-cv-358, Docket # 43; Docket # 9-1 at 263–277.) In that case, Judge Adelman did set a time limit, citing to *Heckler v. Day*, 467 U.S. 104, 119 n.33 (1984). Having now reviewed both *Heckler* and Judge Adelman's *Anderson* decision, I agree with Plaintiff that under certain circumstances district courts may impose time limits on agency review as "injunctive relief to remedy individual violations of § 405(b)." *Heckler*, 467 U.S. at 119 n.33. However, I disagree with Plaintiff that such a limit is warranted in this case. As Plaintiff

acknowledges, there has not been "'undue delay' in the current appeal." (Docket # 18 at 2.) The injunctive relief granted in the earlier iteration of the case before Judge Adelman remedied the delays in that case, but no delays have arisen in this one. Additionally, while I appreciate Plaintiff's desire for a timely resolution of this matter, Plaintiff indicated at the conference that currently there is not a hearings backlog in the Milwaukee Office of the Social Security Agency. As such, a time limit is not needed to move this matter along. Injunctive relief is, therefore, not warranted now.

Accordingly, it is hereby ORDERED that the Commissioner's decision is **REVERSED**, this case be **REMANDED** to the Agency pursuant to the fourth sentence of 42 U.S.C. § 405(g) for further proceedings, and that judgment be entered pursuant to Federal Rule of Civil Procedure 58. Upon receipt of the Court's order, the Appeals Council will remand the matter to an Administrative Law Judge to evaluate whether Plaintiff was disabled during the period from April 12, 2004 through September 14, 2010; ensure the record in this matter is complete; reassess the evidence, including the medical opinion evidence; and issue a new decision.

Dated at Milwaukee, Wisconsin this 28th day of February, 2024.

BY THE COURT:

_____
NANCY JOSEPH
United States Magistrate Judge

2

Case 2:23-cv-01070-NJ   Filed 02/28/24   Page 2 of 2   Document 24